CREAMER and others, Respondents, vs. INGALLS, Appellant.

*November 19 — December 11, 1894.*

*Estates of decedents: Fraud of administrator: Conveyance of estate to him: Setting aside order of distribution: Accounting: Jurisdiction of county court.*

Where an administrator with the will annexed had failed to make a full and truthful disclosure of the situation, condition, and value of the property, and by false representations had induced the leg-

atees and devisees (who lived in other and distant states) to con-
vey to him the entire estate, both real and personal, for about
one third of its value, the county court had power, upon the peti-
tion of said legatees and devisees, to set aside its final order of
distribution, by which all of the estate was assigned to said ad-
ministrator personally, and to require him to file a full account of
his administration.

APPEAL from an order of the circuit court for Walworth
county: FRANK M. FISH, Circuit Judge. *Affirmed.*

From a petition filed in the county court of Walworth
county, and the records therein referred to, the following
facts appear:

Mahala Martin died January 13, 1889, leaving a last will
and testament. On February 2, 1889, the defendant, *Wal-
lace Ingalls*, of Elkhorn, was appointed special administrator
of said estate. On March 19, 1889, the said will was admit-
ted to probate, and said *Ingalls* was appointed administrator
with the will annexed. On April 5, 1889, said *Ingalls*, as
such administrator, filed an inventory of the property in his
possession belonging to said estate, appraised as follows:
Real estate, $3,300; personal property, $1,661.52. There
was other personal property belonging to said estate, of the
value of not less than $350, not mentioned in said inven-
tory. On April 19, 1890, said *Ingalls*, as administrator,
made and filed in the county court a petition alleging, in
effect, that he had fully administered said estate, and pray-
ing for an order of distribution. Attached to said petition
there was a mere written statement that he had paid all
debts and claims against said estate, and distributed the per-
sonal property among the heirs; and also attached thereto
was a written assignment by the petitioners of their interest
in said estate to said *Ingalls*. Without any knowledge on
the part of the petitioners herein, the county court made
and entered an order in said matter May 20, 1890, assigning
all of said estate, both real and personal, to said *Ingalls* per-

sonally.  In and by said order it was adjudged by the county
court that said estate had been fully administered and set-
tled, and that there were no debts and claims against the
same.  Aside from a small piece of land therein mentioned,
the personal estate and the remainder of all of said real
estate were thereby assigned to the said *Ingalls*.  By the
will all of said estate and property of said Mahala Martin,.
deceased, was given, bequeathed, and devised to the five
petitioners, subject to the right of the life use of a certain
piece of land therein particularly described, and which had
been deeded to Lucinda Belknap in fee simple.  The real
estate covered by said will was situated in the counties of
Walworth, Wisconsin, and McHenry, Illinois.

The petition was filed October 26, 1891, and, in addition
to the foregoing facts, stated, in effect, that during all the
times mentioned three of the five petitioners had resided in
Utah, one in Missouri, and one in New York; that said pe-
titioners were all of full age, and the children of a brother
of the said deceased, and mentioned as such in said will, and
the identical persons mentioned in the proceedings in said
matter as devisees or legatees under said will; that no claim
was ever allowed against said estate, and only one presented,
belonging to J. S. and Lucinda Belknap, which was after-
wards withdrawn; that between the time of the probate
of said will and April 19, 1889, the said *Ingalls*, having full
knowledge of said estate and the value thereof, but fraudu-
lently concealing the same from each and all of said peti-
tioners, and by numerous false and fraudulent representations
and pretenses made to said several petitioners, as specifically
alleged in said petition, induced said petitioners to assign
and convey to him, as aforesaid, all their interest in said
estate for the sum of only $1,625, which was paid to them
out of the moneys belonging to said estate.  The prayer of
the petition was that *Ingalls* be cited to appear and make
answer to the allegations contained therein, and make resti-

tution of all the moneys he had thus fraudulently obtained; that the said order of May 20, 1890, be canceled and set aside, and said administration reopened; and that said *Ingalls* be compelled to account for all the property which had come into his possession as such administrator.

On October 27, 1891, the county court made an order requiring said *Ingalls* to answer said petition, and on the same day issued a citation for that purpose. On November 18, 1891, said *Ingalls* appeared before said county court and filed a demurrer to said petition, to the effect that it did not contain allegations sufficient to obtain the relief prayed for, nor facts sufficient to reopen said administration, and that the county court had no jurisdiction to entertain or grant the relief prayed for therein. On the same day *Ingalls* filed in said county court his verified answer to said petition, taking issue with the same upon the merits, at great length.

On February 6, 1892, and after full hearing on the merits, the county court made and filed findings of fact and conclusions of law therein. On the same day, and upon said findings, the county court made an order revoking, vacating, and setting aside the said order of May 20, 1890, and reopening the same for further proceedings according to law, and ordered said *Ingalls* to file therein a full, true, particular, accurate, and itemized account of his administration of said estate and all his doings with respect thereto or in any way concerning the same, and his management and conduct thereof from the beginning.

On April 4, 1892, *Ingalls* gave notice of appeal from said last-named order to the circuit court for Walworth county, and thereupon the records were certified and transmitted accordingly. On June 6, 1892, in said circuit court, the said *Ingalls* renewed his demurrer to the petition for the reasons and upon the grounds following, to wit: (1) Because it does not appear by said petition that said petitioners or

plaintiffs have, or at the time of filing said petition had, any interest whatever in the estate of Mahala Martin, deceased, or in the subject matter of said petition; (2) because it appears from the face of said petition that said petition does not state facts sufficient to constitute a cause of action or proceeding, or to entitle said petitioners to any relief; (3) because it appears on the face of said petition that said county court had no jurisdiction of said petition or proceeding, and no power to grant the relief asked for in said petition. From an order overruling that demurrer the defendant appeals.

*John B. Simmons*, for the appellant, contended, *inter alia*, that if the conveyances to *Ingalls* are valid the order of distribution was proper and regular; and if irregular for any other cause the plaintiffs cannot be heard to object, because they would have no interest in the matter. *Boyle v. Laird*, 2 Wis. 431; *Gunn v. Green*, 14 id. 316; *McGinnis v. Wheeler*, 26 id. 651; *Downer v. Howard*, 47 id. 476; *McGregor v. Pearson*, 51 id. 122. Even if the conveyances were obtained by fraud they are not void, but only voidable, and until set aside by a court of competent jurisdiction remain in full force and are entitled to full faith and credit. 2 Pom. Eq. Jur. § 915; *Crocker v. Bellangee*, 6 Wis. 645; *Bromley v. Goodrich*, 40 id. 131; *Milwaukee & St. P. R. Co. v. M. & M. R. Co.* 20 id. 165, 174; *Smith v. Hornback*, 4 Litt. 232; *S. C.* 14 Am. Dec. 122; *Worthy v. Johnson*, 52 id. 399. The question then is, Can the county court entertain an action or proceeding of this nature when, as a prerequisite to the relief sought, it becomes necessary to set aside or cancel a conveyance of land, and particularly when the land lies in another state? The authorities uniformly deny to courts of probate any extra-territorial jurisdiction. 2 Redf. Wills (1st ed.), 16 *et seq.;* Story, Conflict of Laws, 512, 539; *Sheldon v. Estate of Rice*, 30 Mich. 296, 18 Am. Rep. 136. And such a court is equally powerless to set aside a conveyance

of lands within this state.  See *Hawley v. Tesch,* 72 Wis. 299.
It is true the county court has plenary jurisdiction in matters of probate and the administration of estates, and may
to a certain extent, in the exercise of such jurisdiction, enforce equitable remedies.  *Tryon v. Farnsworth,* 30 Wis.
577; *Brook v. Chappell,* 34 id. 405.  But the transaction between the plaintiffs and the defendant, *Ingalls,* and their
conveyance to him of their interests in the estate, were not
acts of administration.  On the contrary it is alleged, and
that is the burden of the complaint, the very essence of the
controversy, that he purchased as an individual, for his own
personal benefit and profit.  And he purchased not at his
own sale, but from the devisees themselves.  The position
which defendant occupied undoubtedly imposed upon him
the burden of showing the fairness of the transaction, yet
this fact does not affect the *jurisdiction* but merely the
measure and burden of proof.  The defendant, though administrator, had a right to purchase the interests in question.
*Erskine v. De La Baum,* 3 Tex. 409, 49 Am. Dec. 751;
*Barker v. Barker,* 14 Wis. 131.  In *Estate of Leavens,* 65
Wis. 440, it was not necessary, as in this case, to first avoid a
conveyance from the heir himself.  It seems clear, upon principle, that respondents should seek relief in a court of equity,
which has power, upon sufficient proof, to set aside conveyances procured by fraud.  *Barnesley v. Powel,* 1 Ves. Sr.
284; *Archer v. Meadows,* 33 Wis. 170; 1 Pom. Eq. Jur. §§ 235,
351, 352, and notes; 3 id. § 1154 and notes; *Campbell's Appeal,* 80 Pa. St. 298; *Freeman v. Reagan,* 26 Ark. 373; *Reinhardt v. Gartrell,* 33 id. 727; *Shegogg v. Perkins,* 34 id. 117;
*Hill v. McLaurin,* 28 Miss. 288; *Heirs of Adams v. Adams,*
22 Vt. 50; *Morse v. Slason,* 13 id. 296; *Greer v. Cagle,* 84
N. C. 385; *Worthy v. Johnson,* 52 Am. Dec. 399; *Green v.
Creighton,* 10 Sm. & M. 159, 48 Am. Dec. 742.

*E. H. Sprague,* for the respondents.

CASSODAY, J.  It is contended on the part of the appellant that the county court had no jurisdiction to set aside the conveyances to him of the real estate by the devisees, even though the same were procured by his false pretenses and fraud.  Assuming that to be so, still the  question would remain whether that court did not have power, by the order of February 6, 1892, to set aside and revoke the order of final distribution made by the same court, May 20, 1890, and to require the appellant, as administrator with the will annexed, to account.  Upon the repeated decisions of this court, we are constrained to hold that it did have such authority, upon the showing made.  *Brook v. Chappell*, 34 Wis. 405; *Newman v. Waterman*, 63 Wis. 612; *Estate of Leavens*, 65 Wis. 440; *Beem v. Kimberly*, 72 Wis. 343; *Frawley v. Cosgrove*, 83 Wis. 444.  This court has frequently sanctioned a broad equitable jurisdiction in the matter of estates in county courts.  *Ibid.*

The several legatees and devisees all lived at great distances from the place of administration and where the property was situated, and none of them appear to have had any information respecting the same, except such as they acquired from the appellant.  As such administrator, he had been intrusted by the county court with the possession and control of the personal property, amounting to more than $2,000.  Whatever may be his relation to the real estate, he was certainly the sole trustee of the personal estate, which in equity was the property of the petitioners, subject, however, to the payment of legitimate debts. . Such being the relation between them, the petitioners had the right to rely implicitly upon his representations and statements respecting the situation, condition, and value of the estate.  The law imposed upon him the duty of a full, voluntary, and truthful disclosure to them of such situation, condition, and value.  According to the petition,— which must be taken

as true for the purposes of this appeal,— he not only failed to make such disclosures, but by false representations and pretenses induced the legatees and devisees to transfer, assign, and convey to him the entire estate, both real and personal, for about one third its value. In such a case the burden is upon the trustee to show that the *cestuis que trustent* knew at the time all the facts relating to the value of the property and their rights therein. *Leach v. Leach,* 65 Wis. 284; *Davis v. Dean,* 66 Wis. 100; *Parry v. Parry,* 80 Wis. 122; *Gandy v. Macaulay,* 31 Ch. Div. 1. While we do not commend the practice of resorting to a demurrer after a trial upon the merits, yet we are clearly of the opinion that the petition states a good cause of action, and that the demurrer thereto was properly overruled.

*By the Court.*— The order of the circuit court is affirmed.