Estate of Trimpey: Kent, Appellant, vs. Sauk Prairie Cemetery Association and others, Respondents.

*September 5—October 3, 1950.*

482

For the appellant there was a brief by *Francis R. Bannen* of Wisconsin Dells, attorney, and *Hill, Miller & Hill* of Baraboo of counsel, and oral argument by *Mr. J. H. Hill, Jr.*, and *Mr. Bannen*.

For the respondents there was a brief by *Langer & Cross* of Baraboo, for the Sauk Prairie Cemetery Association, *J. W. Frenz* of Baraboo, for the Baraboo National Bank, and *R. J. Kasiska* of Baraboo, for William Kasiska, and oral argument by *Mr. H. M. Langer* and *Mr. Frenz.*

For the respondent Frances Willoughby there was a brief by *Thomas, Orr, Isaksen & Werner* of Madison, and oral argument by *San W. Orr.*

BROADFOOT, J. The petition under consideration was filed under the provisions of sec. 324.05, Stats., which reads as follows:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

It will be noted that there are two parts to the statute, the first dealing with an extension of time for appeal and the second dealing with retrials. That distinction was pointed out in *Estate of Blahnik,* 231 Wis. 101, 285 N. W. 421, where it was stated, page 104:

"What might constitute a want of diligence in taking an appeal within sixty days might conceivably not constitute a want of diligence in moving for a new trial. The statute indicates that the extreme limit of delay is something less than one year after the act by which the moving party is aggrieved. Up to that limit the court may, in its discretion, grant or deny relief on the basis of the movant's showing as to diligence."

The decisions of this court under the above statute state that it should be liberally construed and that defaults incurred

through negligence of counsel are to be relieved against. *Will of Loewenbach,* 210 Wis. 253, 246 N. W. 332.

The testimony and affidavits presented upon and after the hearing dealt for the most part with the testamentary capacity of the testatrix and whether or not she had been unduly influenced. In its decision the court said:

"Mr. Jeffries, a witness to the will, testified that in his opinion testatrix was incompetent. As against his testimony stand the affidavits of:

"1. Dr. M. F. Huth, attending physician;

"2. J. W. Frenz, the scrivener and a witness to the will;

"3. George A. Weber, vice-president, cashier, and trust officer of the Baraboo National Bank; and

"4. R. H. Gollmar, president of the Sauk County Bar Association, a lawyer who had drawn three previous wills for Mrs. Trimpey. His testimony is very positive to the effect that she was competent, and he so testifies, even though he had not drawn her last will."

It is apparent that the court's attention was diverted from the main question as to whether the next of kin and sole heir at law of the testatrix, a resident of the state of Washington, who had no actual notice of the hearing to probate the will and who was not represented in any way at the proceeding, should have his day in court. The court did not exercise its discretion solely upon that issue, but considered the major portion of the record dealing with the merits of issues that petitioner wishes to be heard upon ultimately, and which he hopes to establish by proper proof.

The petitioner acted promptly by retaining counsel. That counsel might well have filed the petition before negotiating should not defeat petitioner's rights, especially since the record does not disclose that the rights of the respondents were adversely affected by the delay. The judgment of the trial court, upon the real issue, was an abuse of discretion.

*By the Court.*—Judgment reversed and cause remanded with directions to grant the relief prayed for in the petition and for further proceedings in accordance with this opinion.