ESTATE OF STEUBER: STEUBER, Appellant, vs. CONWAY, Administrator w. w. a., and others, Respondents.

*June 2—June 28, 1955.*

428

430

For the appellant there was a brief by *Hill, Miller & Hill* of Baraboo, and oral argument by *James H. Hill, Jr.*

For the respondents there was a brief by *Kenneth H. Conway,* and oral argument by *Vaughn S. Conway,* both of Baraboo.

BROWN, J. The present proceeding was brought before the county court in reliance on sec. 324.05, Stats., which reads:

"EXTENSION OF TIME FOR APPEAL; RETRIAL. If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

The petition is addressed to the discretionary powers of the court whose determination will not be reversed except for an abuse of discretion. *Estate of Schaefer* (1952), 261 Wis. 431, 53 N. W. (2d) 427; *Estate of Trimpey* (1950), 257 Wis. 481, 44 N. W. (2d) 308.

Appellant contends that the brothers and sisters of Dr. Steuber and the numerous children of deceased brothers and sisters were his heirs and were persons interested in his estate

and, consequently, the failure of the executrix to name them in her petition for probate violated sec. 310.045, Stats. (which directs that the names and addresses of all persons interested, so far as known to the petitioner shall be set forth), rendered the petition defective; further, that secs. 310.04 and 324.18 require notice of the proceedings to be given interested parties and failure to notify such relatives rendered the proceedings void for lack of jurisdiction. She charges that the refusal of the court to reopen and rehear the proceedings when such omissions were called to the court's attention by the widow's present petition was an abuse of discretion.

Sec. 310.045 (2), Stats., states:

*"Probate or administration.* In a petition for probate of a will or for administration, the legatees and devisees and the surviving spouse and heirs of the decedent are persons interested. Creditors who are not petitioners are not interested persons within the meaning of this subsection."

The brothers, sisters, nephews, and nieces referred to are not interested parties, being neither legatees, devisees, or heirs. They are not named or described in the will and cannot take under it. In so far as there might be a complete or partial intestacy they are not heirs. Sec. 237.01 (2), Stats., provides for the descent of real property under the circumstances at hand:

"237.01 How to descend. When any person shall die seized of any lands, . . . not having lawfully devised the same, they shall descend, subject to his debts, except as provided in section 237.02 [the homestead], in the manner following:
"(2) If the intestate leave no lawful issue, to his or her widow or widower; . . ."

Sec. 237.02, Stats., provides that the homestead of an owner who dies without having devised the same and who is survived by a widow but no issue descends to his widow. Sec. 318.01 provides that the residue of personal estate not

disposed of by the will and not necessary for the purposes of sec. 313.15,—not material here,—shall be distributed as is real estate under ch. 237, Stats., except when the owner is survived by both a spouse and issue.

It appears, therefore, that the collateral relatives mentioned by appellant could not inherit any of Dr. Steuber's property, who was survived by a widow but no issue. They are not interested parties under our statutes. The statement in the proof of heirship that there were no surviving collateral relatives except Miss Wareham was not true but under these circumstances their existence was immaterial. The misstatement could not affect the rights of anyone. It follows that there was no fraud by the executrix in leaving them out; and no abuse of discretion by the trial court in refusing to reopen probate on the theory that thereby fraud had been committed.

Concerning the deeds, Mrs. Steuber twice executed agreements in which, for good consideration which she accepted and has retained, she compromised and settled all disputes concerning them. She had the advice of her own counsel in so doing and he appears as a witness to each agreement. She says that Miss Wareham misinformed her as to her legal rights to the property but the trial court might well consider that she had legal advice of her own. Much of her argument is based on vain repetition of the alleged fraud in the omission of naming the collateral relatives which is supposed to demonstrate that Miss Wareham was disposed to fraud.

The facts that the deeds were among Dr. Steuber's papers when he died, from which a nondelivery might be argued, and that Miss Wareham's name as grantee was typed in over an erasure, from which it might be claimed that the alteration was not made by Dr. Steuber, were evident at all times and their implications were as apparent before the settlement as they are now. The widow's petition does not allege other specific misrepresentations on the part of Miss Wareham to

overcome a reasonable view by the trial court that her settlement was made with as much knowledge of material facts as she now possesses. The court could also consider that a remainder after a younger woman's life estate had small actual value and that the widow did not question the compromise until Miss Wareham's sudden death terminated her life estate and, if the compromise could somehow be repudiated, increased the value of the remainder. Finally, the trial court had proof that even as Mrs. Steuber was applying to him she was prosecuting an action for the same relief, based on the same facts, in the circuit court for the county.

If it were necessary for us to select a single reason by which to uphold the trial court's discretionary denial of the petition, it would be embarrassing to choose one among so many that are good and sufficient. We can find no abuse of discretion either in respect to the administration of Dr. Steuber's estate or in respect to appellant's contentions concerning the deeds.

*By the Court.*—Order affirmed.