ESTATE OF STRANGE: STRANGE and others, Respondents, vs. HONECK, Attorney General, Appellant.

*January 8—February 4, 1958.*

106

The attorney general appeals.

For the appellant there were briefs by the *Attorney General* and *E. Weston Wood* and *John E. Armstrong,* assistant attorneys general, and oral argument by *Mr. Wood* and *Mr. Armstrong.*

For the respondents there was a brief by *Morris Warzinik* of Neenah, attorney, and *D. E. McDonald* of Oshkosh of counsel, and oral argument by *Mr. Warzinik* and by *Mr. John W. O'Leary* of Neenah.

BROWN, J. Appellant submits that statutes provide the time during which an erroneous judgment may be corrected by an appeal to the supreme court or by proceedings in the trial court; and if the time so limited expires without any application for relief from the judgment no relief may be had.

An appeal from a judgment of a county court must be taken within sixty days from the entry thereof, sec. 324.04 (1), Stats. The time for appeal may be extended in certain circumstances but the order for extension must be made within one year after the act complained of. Sec. 324.05.

Sec. 269.46 (1), Stats., permits a court within one year after notice thereof to relieve a party from a judgment obtained against him through his mistake, inadvertence, surprise, or excusable neglect.

Neither statute gives a court jurisdiction to grant relief in 1957 from a judgment entered in 1928.

Sec. 324.21, Stats., provides:

"RECORDS, HOW AMENDED. Any county court may amend, correct, and perfect its record of any matter transacted therein in such manner as may be necessary to make the same conform to the truth."

Concerning this statute we have said:

"Manifestly this authorizes the correction of purely clerical mistakes. It authorizes the correction of records which do not speak the truth concerning the real action of the court. It does not authorize the court to reverse or set aside its orders or to vacate its judgments. If it permitted the court at its will and pleasure, or upon motion of any party interested, to vacate and set aside, reverse, or modify its orders or judgments, there would be no finality to the procedure of county courts, and would give rise to a chaotic condition anomalous in the law and intolerable in fact." *Estate of Cudahy* (1928), 196 Wis. 260, 264, 219 N. W. 203.

Review of a judgment procured by fraud may be had at any time when equity requires it. No fraud is charged here nor would the record support such a contention.

Respondents alleged, without any supporting facts, that the 1928 judgment is erroneous (which is of no importance after time to appeal has gone by) and was pronounced and entered through inadvertence or mistake. No testimony was offered bearing on these charges.

If inadvertence or mistake is of any importance there is no proof of either of them. The trial court did not find that they were present. Its memorandum decision says:

"We come now to the question as to why the judgment was entered as it was in view of the previous ruling by the court. No testimony was introduced to throw any light on it. This leaves that matter entirely to speculation."

Its decision does no more than to demonstrate to that court's satisfaction that in its trust provisions the 1928 judgment was founded on error and ought to be reformed.

We have the same situation as that in *Estate of White* (1950), 256 Wis. 467, 41 N. W. (2d) 776. In that case final judgment was entered by the county court in 1929. No appeal was taken. In 1949 the same court entered another judgment which declared void the earlier one and assigned the estate differently. We held, page 474, that a construction of the will was made by the original judgment and:

". . . as we have often held, such judgment, however erroneous, must stand unless reversed, modified, or set aside in accordance with the statutes governing appeals and retrials. [Cases cited.] The rights given by such statutes to reverse, modify, or set aside the 1929 judgment have long expired. An attempt by the county court to do such things in 1949 is beyond its (and our) jurisdiction and is void."

The law in Wisconsin is well established as the *White Case* states it. The learned trial court had no jurisdiction in the present case to alter the judgment of 1928. It is unnecessary for us to consider appellant's argument that if the court *could* it ought not to do so, and the further argument that the heirs-at-law have waived their rights or are estopped from asserting them. Our conclusion that the learned trial court lacked the present jurisdiction to modify the 1928 judgment or to declare it void disposes of the appeal.

*By the Court.*—Judgment reversed, and cause remanded with directions to reinstate the judgment of June 13, 1928.