Vande Voort and wife, Plaintiffs, v. Stern and wife, Defendants: DeBaker, Respondent: Clintonville Sales Corporation, Appellant.

*February 7—March 6, 1962.*

For the appellant the cause was submitted on the briefs of *Nathan E. Wiese* of Clintonville, attorney, and *Adolph P. Lehner* and *Lehner, Lehner & Behling* of Oconto Falls of counsel, and for the respondent on the brief of *Cohen & Parins* of Green Bay.

DIETERICH, J. The complaint alleges the following facts: Sylvester Stern and Gretchen Stern, his wife, acquired title to the mortgaged premises by virtue of a land contract from Clintonville Sales Corporation under date of April 30, 1951. A deed was delivered to Sylvester and Gretchen Stern under the terms of the contract on April 19, 1954, and recorded on April 23, 1954, in the office of the register of deeds for Waupaca county. Sylvester and Gretchen Stern executed and delivered to Gilbert DeBaker a promissory note in the amount of $4,500 with interest at six percent, interest to be payable monthly. The note further provided for monthly payments upon the principal and the first payment was to be made on June 1, 1954. To secure the payment of the principal and interest on the amount of the note, the defendants, Sylvester and Gretchen Stern, on April 19, 1954, executed a mortgage upon a certain piece of real estate described by metes and bounds. The mortgage contained the usual covenant which provided that in case of default on either the principal, interest, or taxes, the whole amount of the principal would at the option of the mortgagees or assigns become due and payable and would be collectible in an action at law or by foreclosure. The defendants defaulted upon the note and there was an unpaid balance at the time of the default in the amount of $4,353.70. The note and

mortgage were sold, assigned, and transferred by the defendant Gilbert DeBaker to the plaintiffs in this action, Norbert Vande Voort and Marion Vande Voort, his wife, on April 27, 1954. At the time of the assignment DeBaker indorsed the note in blank.

Norbert and Marion Vande Voort originally commenced this action in circuit court to foreclose the real-estate mortgage executed by the defendants, Sylvester and Gretchen Stern. Gilbert DeBaker was liable as an indorser on the note. On March 17, 1958, there was a stipulation entered into between the plaintiffs' attorneys and DeBaker that Clintonville Sales Corporation be impleaded as a party defendant. The court on March 19, 1958, made such an order.

On March 24, 1958, the order and cross complaint were served on the interpleaded defendant, Clintonville Sales Corporation. Clintonville answered the cross complaint on April 10, 1958. The action came on for trial on May 19, 1959, at which time the court made an order dismissing the cross complaint by reason of its being premature, and without prejudice, which terminated the interpleader proceedings of Clintonville Sales Corporation. On June 8, 1959, pursuant to sec. 278.01, Stats., judgment of foreclosure was entered, which included the order dismissing the cross complaint. On June 16, 1959 (more than twenty days after the filing of the *lis pendens*), notice of entry of judgment was served on all parties. The foreclosed premises were sold on November 9, 1960, in accordance with the judgment and a deficiency judgment was entered against the mortgagors, including DeBaker.

On December 23, 1960, DeBaker made a motion to reopen the judgment. This motion was served on the attorneys for Clintonville Sales Corporation and was noticed to be heard

before the court on January 16, 1961. On May 25, 1961, the court granted DeBaker's motion, and an order was entered on June 1, 1961, permitting the defendant DeBaker to offer further proof in support of the cross complaint which had been dismissed on May 19, 1959.

The court in its written memorandum decision of May 25, 1961, granting defendant's motion, stated:

". . . the court was fully advised and was and still is of the opinion that a material mistake had been made in 1951 whereby documents drawn at that time were mistaken as to description, and materially mistaken because they included a description of only 18 acres of land, whereas the purpose and intent was to draw the document to include premises of 75 to 80 acres. Mr. Wiese stated in court that there was such a mistake, and a witness [1] stated that there would be a correction. Apparently, no such correction has, as yet, been made, . . ."

Then, in setting forth its reason for granting the motion, the court stated:

"In the interests of justice and on the basis of the proceedings had herein, the admitted mistake in the chain of title description in the past, the allegation of fraud and the admitted, and not denied, fact that an injustice has been done, it is the opinion of this court that the cross complainant is entitled to an adjudication of the issues as alleged in his cross complaint."

Clintonville contends that under sec. 269.46, Stats., the trial court lacked jurisdiction to reopen this action because more than a year had elapsed since the notice of entry of judgment of June 16, 1959.

---

[1] The affidavit of DeBaker's attorney, Robert J. Parin, stated that the witness was A. R. Umland. The answer to the cross complaint of DeBaker by Clintonville contains a jurat signed by A. R. Umland in which he on oath says that he is the president of Clintonville Sales Corporation.

The provisions of sec. 278.01, Stats.,[2] empower the court to render judgment of foreclosure upon real-estate mortgages and provide for sale. The court is required under the provisions of sec. 278.10 (1), Stats.,[3] to determine in its judgment of foreclosure the amount due on the obligation and to determine the amount of real estate described in the mortgage subject to sale sufficient to pay the amount adjudged to be due upon the mortgage and obligation secured by the mortgage.

The original judgment of June 8, 1959, determined the liability of the defendants in the instant case and ordered the sale of the mortgaged real estate, and also ordered a deficiency judgment in the event that the proceeds of the sale were not sufficient to satisfy the judgment.

Sec. 278.10 (1), Stats., requires the trial court whenever a plaintiff requests a deficiency judgment in his complaint, that such an order be made a part of the judgment of foreclosure. Such order is an integral part of the judgment of foreclosure and its final adjudication of the defendants' common-law liability for the debt. It therefore necessarily follows that the time for appeal commences at the time of notice of entry of judgment in a foreclosure action. *Gaynor v. Blewett* (1893), 86 Wis. 399, 57 N. W. 44, and *Pereles v. Leiser* (1904), 123 Wis. 233, 101 N. W. 413.

---

[2] Sec. 278.01. "FORECLOSURE JUDGMENT. In actions for the foreclosure of mortgages upon real estate, if the plaintiff recover, the court shall render judgment of foreclosure and sale, as hereinafter provided, of the mortgaged premises or such part thereof as may be sufficient to pay the amount adjudged to be due upon the mortgage and obligation secured thereby, . . ."

[3] Sec. 278.10. "FORECLOSURE. (1) . . . the judgment shall describe the mortgaged premises and fix the amount of the mortgage debt then due . . . the amount of each instalment . . . to become due, and the time when it will become due, and whether the mortgaged premises can be sold in parcels and whether any part thereof is a homestead, and shall adjudge that the mortgaged premises be sold for the payment of the amount then due . . . and when demanded in the complaint, direct that judgment shall be rendered for any deficiency against the parties personally liable . . ."

Sec. 269.46 (3), Stats.,[4] limits review of the judgment to sixty days from the service of notice of entry thereof, but not later than sixty days after the end of the term of entry thereof.

The trial court by its order of June 1, 1961 (almost two years after the service of the notice of entry of judgment on June 16, 1959), granted DeBaker's motion to reopen the judgment of June 8, 1959. Under sec. 269.46 (3), Stats., the trial court clearly lacked jurisdiction over the subject matter and under such circumstances could not grant the motion to reopen the judgment of 1959. The order to reopen was, in effect, a determination by the trial court that it had jurisdiction over the subject matter and is appealable. *Seyfert v. Seyfert* (1930), 201 Wis. 223, 229 N. W. 636.

Sec. 274.33, Stats.,[5] defines the orders appealable to the supreme court. The order to reopen was and is appealable.

DeBaker contends that, if the court's order reinstating the cross complaint is not upheld, he will suffer irreparable injury because the statute of limitations has run on the cause of action for fraud set forth in the cross complaint. However, the record discloses that one of the alleged reasons for the original dismissal of such cross complaint was the promise by Clintonville Sales Corporation to include the 75 to 80 acres of land instead of the 18 acres in the mortgage, which promise was not performed. The six-year statute of limitations has not run on the breach of that promise.

*By the Court.*—The order appealed from is reversed.

GORDON, J., took no part.

---

[4] Sec. 269.46 (3). "All judgments and court orders may be reviewed by the court at any time within sixty days from service of notice of entry thereof, but not later than sixty days after the end of the term of entry thereof."

[5] Sec. 274.33. "APPEALABLE ORDERS. The following orders when made by the court may be appealed to the supreme court: . . .

"(3) When an order . . . decides a question of jurisdiction, . . ."