MALKOWSKI, Respondent, v. MALKOWSKI, Defendant:
PRUDENTIAL INSURANCE COMPANY OF AMERICA,
Appellant.

*No. 268. Argued October 8, 1971.—Decided November 2, 1971.*
(Also reported in 190 N. W. 2d 924.)

For the appellant the cause was submitted on the brief of *Quarles, Herriott, Clemons, Teschner & Noelke,* attorneys, and *Lester S. Clemons* and *John A. Casey* of counsel, all of Milwaukee.

For respondent there was a brief and oral argument by *Harlow J. Hellstrom* of Milwaukee.

HANLEY, J. The issue presented on this appeal is whether the trial court had jurisdiction to direct payment of the insurance proceeds into court when the beneficiary has not been personally served with notice of the order to show cause. However, a preliminary question is whether the order of the circuit court was appealable.

### Appealability of order.

Appellant, for the first time, raises the question of whether the trial court had jurisdiction to enter the order in the first instance, in view of the fact that orders to show cause were not personally served on defendant, Malkowski.

The record in this case does not reveal that the trial court passed on a question of jurisdiction. Merely because a party refers to the question of jurisdiction in his brief does not entitle him to an appeal, since this court cannot consider matters outside the record, even though stated as such in his briefs. *Keplin v. Hardware Mut. Casualty*

*Co.* (1964), 24 Wis. 2d 319, 326,.129 N. W. 2d 321, 130 N. W. 2d 3.

The order, insofar as it directs payment of the proceeds of the insurance policies into court, is not appealable, since it neither determines the action nor prevents a judgment from which an appeal can be taken. Sec. 274.33 (1), Stats. The money paid into court is to be held by the court until there is a final determination of whether it should be applied to the arrearages in child support, current payments coming due, or whether it should be paid to defendant. Any order which directs distribution of these insurance proceeds will be appealable, since such order will finally determine the action.

Sec. 274.10, Stats., provides in part as follows:

"Any judgment within section 274.09 or any order defined in section 274.33 may be reviewed before the supreme court upon an appeal by any party aggrieved. . . ."

In the instant action Prudential cannot be an aggrieved party by an order directing payment into court. Appeal can be made from any final judgment or order directing final payment. There is also strong doubt whether the appellant is a party "aggrieved" inasmuch as the appellant is not making claim to the insurance policy proceeds or denying the obligation to pay.

Appellant directs this court's attention to a number of cases which allegedly held that orders were appealable on the basis that they decided a question of jurisdiction, even though the order itself did not state that a jurisdictional question was raised. Counsel for appellant cites *Stroup v. Career Academy of Dental Technology* (1968), 38 Wis. 2d 284, 156 N. W. 2d 358, in which it was stated at page 288:

"When the court is presented with an objection to jurisdiction, however, and then proceeds with the action,

it is in effect deciding that it has jurisdiction to proceed and has, consequently, decided a jurisdictional question. . . ."

The *Stroup Case* involved an appeal from a portion of an order denying a motion by the defendants to dismiss the action as to them for lack of personal jurisdiction. The objection to jurisdiction appears in the record, and, therefore, the order appealed from clearly decided a jurisdictional question.

Appellant also cites *Dobs v. State* (1970), 47 Wis. 2d 20, 176 N. W. 2d 289, to support the proposition that an order need not refer to jurisdiction in order to "decide" a question of jurisdiction. In that case, however, the court stated the following in its oral decision on the motion to reopen a probation hearing:

" '. . . I think once the defendant is put in prison this Court *loses jurisdiction* so far as probation, granting of it or setting aside an order denying it. And for that reason motion is denied.' " (Emphasis supplied.)

Finally, appellant cites *Vande Voort v. Stern* (1962), 16 Wis. 2d 85, 114 N. W. 2d 126. In that case the trial court granted a motion to reopen a judgment. Nothing in the record indicates that the trial court was presented with a question of jurisdiction. The order, therefore, did not specifically decide any jurisdictional issue. This court, however, stated:

". . . The order to reopen was, in effect, a determination by the trial court that it had jurisdiction over the subject matter and is appealable. . . ." *Vande Voort v. Stern, supra,* at page 90.

If *Vande Voort v. Stern* must be construed to mean that every order impliedly "decides" whether the court has jurisdiction to act, this court could be forced to hear arguments on jurisdictional questions in every case in which a party disagrees with an order of the trial court,

even if the question was not raised at trial level, and even if the order itself is not appealable. This concept is plainly at odds with the intent of sec. 274.33, Stats., which lists those orders from which an appeal can be taken. Therefore, *Vande Voort v. Stern* is overruled insofar as it suggests that an order can be appealed from on the basis that it impliedly "decided" a question of jurisdiction in a case in which the record does not show that any jurisdictional issue was raised at trial level.

We conclude that, because the order directing payment of the insurance policy proceeds into court is not appealable by appellant, the appeal therefrom must be dismissed.

*By the Court.*—The appeal from the order dated November 9, 1970, is dismissed.