ESTATE OF SHARP: FLATLEY and another, Appellants, v. STATE, Respondent.

*No. 132. Argued March 4, 1974.—Decided May 7, 1974.*
(Also reported in 217 N. W. 2d 258.)

---

[2] *Id.* at page 461.

258

For the appellants there was a brief by *Everson, Whitney, O'Melia, Everson & Brehm,* attorneys, and *John C. Whitney* of counsel, all of Green Bay, and oral argument by *John C. Whitney.*

For the respondent the cause was argued by *Lowell E. Nass,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

HANLEY, J. The briefs of the parties raised numerous issues on appeal. The court, however, will confine ourselves to the following which we deem controlling:

1. Whether the attorney general had the right to intervene in this estate proceeding.

2. Whether the judgment of the court vacating its orders entered on September 8, 1967, and December 28, 1967, approving the accounts of the trustees for the years ending August 31, 1964, August 31, 1965, August 31, 1966, and August 31, 1967, and removing the appellant as trustee thereof are void for want of subject matter jurisdiction.

*Right of the attorney general to notice of and intervention in estate proceeding.*

Wisconsin, unlike numerous states, has specifically circumscribed the powers and duties of the office of the attorney general. Art. VI, sec. 3 of the Wisconsin Constitution limits those powers and duties to those "prescribed by law." This constitutional principle has been

interpreted by the courts in numerous decisions as removing from the office of the attorney general any powers and duties which were found in that office under common law. *State ex rel. Beck v. Duffy* (1968), 38 Wis. 2d 159, 163, 156 N. W. 2d 368; *State ex rel. Jackson v. Coffey* (1963), 18 Wis. 2d 529, 118 N. W. 2d 939; *State v. Snyder* (1920), 172 Wis. 415, 179 N. W. 579. The attorney general is devoid of the inherent power to initiate and prosecute litigation intended to protect or promote the interests of the state or its citizens and cannot act for the state as *parens patriae. See generally:* Christenson, *The State Attorney General,* 1970 Wis. L. Rev. 298. Such power must be specifically granted by the legislature. Unless the power to prosecute a specific action is granted by law,[2] the office of the attorney general is powerless to act.

The attorney general contends that the right to notice of and intervention in estate proceedings involving a public charitable trust finds its basis in the statutes, namely secs. 231.34, 317.06 and 324.18 (1) (b), Stats. 1967. Such, however, is not the case.

Initially, the attorney general's reliance on sec. 231.34, Stats. 1967, is unavailing. Sec. 231.34, Stats. 1967, merely imbues the office of the attorney general to enforce public charitable trusts.

"231.34 **Enforcement of public trust.** (1) An action may be brought by the attorney-general in the name of the state, upon his own information or upon the complaint of any interested party for the enforcement of a public charitable trust.

---

[2] Some of those powers included, for example, to prosecute actions for the redress or prevention of state harm at the direction of the governor. Sec. 14.11 (1), Stats. The attorney general may also enjoin public nuisances, sec. 280.02; prosecute state antitrust laws, sec. 133.01 (2); and represent the state before the supreme court, sec. 165.25.

"(2) Such action may be brought in the name of the state by any 10 or more interested parties on their own complaint, when the attorney-general refuses to act.

"(3) The term 'interested party' herein shall comprise a donor to the trust or a member or prospective member of the class for the benefit of which the trust was established."

*See generally:* Bogert, *Trusts and Trustees* (2d ed.), p. 323, sec. 411. The power to enforce a public trust is not, however, so broad as to permit the attorney general to intervene in estate proceedings. While the powers of the attorney general under sec. 231.34, Stats. 1967, are broad enough to include actions or proceedings involving the invalidation, termination, administration or enforcement of the terms of a public charitable trust after its creation,[3] said actions or proceedings do not involve intervention in the estate proceedings of the settlor of said public charitable trust.

Similarly, sec. 317.06 (4), Stats. 1967, fails to imbue the attorney general with the power to intervene in or have notice of estate proceedings in which a public charitable trust is involved. Sec. 317.06 (1), Stats. 1967, required that every trustee of a charitable trust account yearly to the court having jurisdiction thereof. Sec. 317.06 (4), Stats. 1967, merely required that such an accounting would not be final except upon notice to the attorney general.

"(4) No action of the court upon such account shall be final except it be upon notice mailed to the attorney general and published under s. 324.20."

This subsection was created under this court's rule-making power, Supreme Court Order, 271 Wis. xi [4] and is inapplicable to estate proceedings.

---

[3] Said powers would include, for example, the power to supervise the administration of the trust, to prevent waste of the corpus of said trust, or to bring an action against the trustee for malfeasance.

[4] *See also:* Supreme Court Order, 212 Wis. xxxi.

Finally, sec. 324.18 (1) (b), Stats. 1967, which provides for notice to the attorney general in all hearings or proceedings in which a public charitable trust is involved:

"(b) Notice of all hearings or proceedings where a public charitable trust is involved shall be mailed to the attorney general at least 20 days before the hearing or proceeding."

fails to create a power or duty in the office of the attorney general to intervene in or right to notice of estate proceedings in which a public charitable trust is involved. Sec. 324.18 (1) (b), Stats. 1967, was promulgated pursuant to the supreme court's rule-making power, sec. 251.18, Stats., in 1956, Supreme Court Order, 271 Wis. xi, in order to simplify the procedure and promote the speedy determination of litigation in the courts of Wisconsin. The purpose of said supreme court order was not to create a right or power in the office of the attorney general to intervene in or notice to *all* hearings or proceedings where a public charitable trust is involved. Such an action is without the power of the supreme court, sec. 251.18. Only the legislature may create or limit the nonconstitutionally created powers and duties of the attorney general.

It is clear then that the Wisconsin legislature has not granted to the attorney general the power to intervene in estate proceedings,[5] there being no statutory enactment to that effect. Similarly it is clear that the attorney general is not, as it contends, an interested party who, in absence of statutory notice, is not bound by the judgment of the probate court.

"The main objective of probate proceeding is the orderly distribution of the property of deceased persons. The court of the domicile of the deceased has jurisdiction over the property within its territorial jurisdiction. The jurisdiction of the court in probate is *in rem.* As such, the judgment binds all persons having a property interest

[5] *See generally:* 74 A. L. R. 2d 1066.

when statutory notice requirements have been complied with." *Estate of Hatzl* (1964), 24 Wis. 2d 64, 67, 68, 127 N. W. 2d 782, 129 N. W. 2d 249. *See also: Estate of Evans* (1957), 274 Wis. 459, 471a, 80 N. W. 2d 408, 81 N. W. 2d 489.

Since the attorney general, as the representative of the state, is not party interested in the estate proceedings, then notice to him was not necessary and the proceedings are res adjudicata as to him. *Estate of Hatzl, supra; Estate of Evans, supra; Estate of Steuber* (1955), 270 Wis. 426, 71 N. W. 2d 272; sec. 324.18, Stats. 1967.

Since in the opinion of the court, the attorney general is not a person interested in the estate proceeding, and since there being no averments of fraud,[6] nor a motion under sec. 269.46, Stats.,[7] by a party interested in the estate, the judgment of the court entered on February 27, 1967, approving the coexecutors' accounts, distributing the property of the estate to Robert C. Smith and Robert H. Flatley as coexecutors must be affirmed. The judgment of the trial court entered on December 11, 1970, modifying the judgment of the court entered on February 27, 1967, is void for want of jurisdiction.

---

[6] A judgment procured by fraud either actual or constructive, may be set aside. Such a contention has not, however, been made herein. *See: Estate of O'Neill* (1895), 90 Wis. 480, 63 N. W. 1042; *Creamer v. Ingalls* (1894), 89 Wis. 112, 61 N. W. 82. *See generally: Estate of Poulsen* (1972), 54 Wis. 2d 139, 194 N. W. 2d 593; *Estate of Hatzl, supra.*

[7] Not only were no allegations of mistake, inadvertence, surprise or excusable neglect made by an interested person herein, the actions of the trial court did not take place until more than one year had passed. Such being the case, the trial court was without subject matter jurisdiction to act. *State Central Credit Union v. Bayley* (1967), 33 Wis. 2d 367, 147 N. W. 2d 265; *Estate of Hatzl, supra,* at pages 71, 72; *Vande Voort v. Stern* (1962), 16 Wis. 2d 85, 90, 114 N. W. 2d 126, reversed in part, *Malkowski v. Malkowski* (1971), 52 Wis. 2d 731, 190 N. W. 2d 924; *Estate of Strange* (1958), 3 Wis. 2d 104, 87 N. W. 2d 859.

*Accounting.*

On September 30, 1970, Judge McHENRY likewise modified the orders of the court which had been entered on September 8, 1967, and December 28, 1967, approving the trustees' final accounts for the years 1964–1966 and 1967 respectively. Such action by the court was likewise in error and must be reversed.

The trustees herein complied with sec. 317.06, Stats. 1967, which required them to account to the court having jurisdiction thereof.[8] The yearly trustees' accounts were filed with the court and, after notice to the attorney general, a hearing was held. At said hearings the trustees appeared personally and the attorney general appeared for the state. The attorney general objected to said trustees' accounts—especially to the trustees' fees charged—and the objections were overruled by the court. Final orders [9] were then entered approving the trustees' accounts for the periods therein included.

After the final orders overruling their objections and approving the trustees' accounts for the years 1964–1966 and 1967 respectively, the attorney general failed to prosecute an appeal pursuant to sec. 274.09, Stats. Rather the attorney general, knowing of the imminent retirement of Judge KEHOE, did nothing until after said retirement. The attorney general then applied to the court pursuant to sec. 269.46 to be relieved of said orders previously obtained against him. Absent however from

---

[8] "317.06 Charitable trusts; trustee's annual account; removal. (1) Every trustee of a testamentary trust for charitable purposes shall, prior to March of each year, account to the court having jurisdiction thereof for the preceding calendar year and shall further account from time to time as required by the court; and he may be examined by the court upon any matter relating to his account and his conduct of such trust."

[9] "317.06 (4) No action of the court upon such account shall be final except it be upon notice mailed to the attorney general and published under s. 324.20."

said affidavit and motion were any allegations of mistake, inadvertence, surprise or excusable neglect.

On February 21, 1968, Judge NIER ordered the co-trustees to show cause why the orders of the court entered on September 8, 1967, and December 28, 1967, should not be vacated. Judge NIER additionally ordered:

"That the final judgment and orders referred to above in numbered paragraphs 1, 2 and 3 be and hereby are vacated pending further order of this court and hearing on this order."

The trial court took no further action until September 30, 1970—more than thirty-four months after the original order—when Judge McHENRY modified the previous orders of that court.

Initially, it is obvious that the trial court erred in relieving the attorney general from an order in absence of an affidavit and motion alleging mistake, inadvertence, surprise or excusable neglect. The power to grant relief from such a final order more than sixty days after the end of the term of the court at which it was rendered is limited solely to cases of mistake, inadvertence, surprise or excusable neglect. *Loomis v. Rice* (1875), 37 Wis. 262; *Estate of Callahan* (1947), 251 Wis. 247, 257, 29 N. W. 2d 352; *Glassner v. Medical Realty, Inc.* (1964), 22 Wis. 2d 344, 351, 126 N. W. 2d 68; *Tuszkiewicz v. Lepins* (1968), 41 Wis. 2d 102, 105, 163 N. W. 2d 188. Since no such allegations were made, it was error to grant relief.

Similarly, any action by the trial court under sec. 269.46 (1), Stats., is limited to a period of one year after notice of the judgment or order. *Tuszkiewicz v. Lepins, supra.* After the passage of that period of time, the trial court is without subject matter jurisdiction to take any further action. *Harris v. Golliner* (1940), 235 Wis. 572, 294 N. W. 9; *Vande Voort v. Stern, supra; State Central Credit Union v. Bayley, supra.* Since it is

conceded that the September 30, 1970, actions of the trial court were without the one year period under sec. 269.46 (1), and since there are no allegations of fraud, said actions modifying said judgment are void for want of subject matter jurisdiction.

The attorney general contends that the trial court suspended the orders of the court entered on September 8, 1967, and December 28, 1967, on February 21, 1968, and that, pursuant to sec. 269.28:

". . . the presiding judge may suspend the order, in whole or in part, during the pendency of a motion to the court to modify or vacate the order."

and thus extended that period of time in which the motion must be decided. Such contention is without merit for while the court may suspend the effect of its orders, it may not extend that period of time during which it has jurisdiction to release a party from such a final order.

This court has previously held that it is without jurisdiction to vacate a judgment or order on statutory grounds more than a year after notice of entry of judgment. Similar to sec. 270.49, Stats., the motion must be made and decided within a specific period of time (herein one year). *Harris v. Golliner, supra.* However unlike sec. 270.49, the court may not extend the period of time in which such action may be taken under sec. 269.46 (1). *Boyle v. Larzelere* (1944), 245 Wis. 152, 159, 13 N. W. 2d 528. The court's jurisdiction to so act is limited to a period of one year after notice of the judgment or order and may not be extended either by virtue of sec. 269.45 or sec. 269.28.

Thus, since the actions of the trial court on September 30, 1970, were without the jurisdiction of the court, said actions must be vacated and the case remanded with directions to reinstate the orders of the trial court entered on September 8, 1967, and December 28, 1967,

approving the trustees' final accounts for the years 1964–1966 and 1967 respectively.

*By the Court.*—Judgment reversed and cause remanded with directions.