·CHALUTZ, Appellant, vs. WISCONSIN CENTRAL RAILWAY COMPANY, Respondent.

, *October 27—November 15, 1910.*

·*Costs: Actions appealed from justices' courts: Tender: Statutes construed.*

1. Where, on appeal by defendant from a judgment against him in a justice's court, an action is pending for trial *de novo* in the circuit court, a tender under sec. 4266, Stats. (1898), must include the $10 costs provided for in sec. 2925.
2. Sec. 2925, Stats. (1898), is to be construed liberally in favor of the right to recover costs.  The words "where there is no new trial in the appellate court" are not limited in their application to cases which are not triable anew in that court.
:3. The term "costs of suit incurred" in sec. 4266, Stats. (1898), is not limited to disbursements.

APPEAL from a judgment of the circuit court for Ashland county: E. W. HELMS, Judge. *Reversed.*

The plaintiff recovered judgment in the municipal court of Ashland county. The cause was appropriately carried to the circuit court by appeal under the practice prescribed for appealing from judgments rendered in justices' courts. The circumstances of the case were such under such practice that the cause became pending in the circuit court for a new trial the same as an action originally brought there. At the time stated an action was pending involving a question vital to plaintiff's right to recover in this case. The latter was accordingly held in abeyance for nearly two years awaiting the outcome of the controversy in the former. The question was finally settled in plaintiff's favor. Thereupon defendant tendered plaintiff the full amount of the judgment appealed from with costs to date, except no amount was included for, nor was there any offer to pay, statute costs in addition to disbursements. Plaintiff refused to accept the tender because $10 was not included for statute costs under sec. 2925, Stats. (1898). Thereupon defendant paid the amount tendered into court for plaintiff, fully complying with sec. 4266, if plaintiff was not entitled to $10 costs under sec. 2925, and by supplemental answer pleaded the tender as a defense to further prosecuting the action. The cause was tried on the issues thus raised. It was decided in defendant's favor and judgment was rendered accordingly.

The cause was submitted for the appellant on the brief of *D. E. Roberts* and *Michael S. Bright,* attorneys, and *Walter S. Whiton,* of counsel, and for the respondent on that of *Luse, Powell & Luse.*

MARSHALL, J. The ideas upon which the judgment complained of are grounded are: *first,* sec. 4266, Stats. (1898), allows a defendant, circumstanced as respondent was at the time it made the tender in question, to secure immunity from

costs by tendering the whole sum due upon the contract with legal costs of suit incurred up to the time thereof, such tender to be made to the plaintiff or his attorney, and, if not accepted, to plead the fact by answer in like manner as if it had been made before the commencement of the action, and paying into court the amount offered; *second,* costs in cases appealed under the practice for appealing from judgments rendered in justice's court are limited by sec. 2925, providing that (*a*) costs shall go to respondent in case of the judgment being affirmed or the appeal dismissed, where there is no new trial; (*b*) costs shall go to appellant in case of the judgment being reversed where there is no new trial; (*c*) costs shall go, fully or partially, to appellant in the discretion of the court where there is no new trial and the judgment is reversed in part and affirmed in part; (*d*) costs shall go to the successful party where there is a new trial, provided if the appeal be from a judgment in favor of appellant he shall have costs only in case "he shall obtain a more favorable judgment," and otherwise respondent shall have costs; (*e*) "In all such cases full costs shall be ten dollars and all disbursements made for state tax, return of the justice, and officers' and witnesses' fees, together with all costs and fees by law taxable in the justice's court in such action."

It was successfully contended below that, under the provision referred to, in no event are costs allowable to a plaintiff of the kind ordinarily denominated statute costs,—those which are supposed to repair plaintiff's damages for outlays for services of counsel, and covered by the fixed sum of $10 for full costs in that regard,—or perhaps at all, unless there is either an affirmance of the judgment appealed from or a dismissal of the appeal, where there is no new trial, or plaintiff is successful upon such a trial.

So it will be seen that the result of the decision complained of is this: A plaintiff may obtain judgment in justice's court on contract, the defendant appeal to the circuit court, in such

circumstances that the case will there stand for a new trial the same as if commenced in such court; he may cause the case to be delayed on appeal, or it may be delayed without fault of his adversary, from term to term, for one or two years and then, after such prejudice to the rights of the latter, appellant can escape from liability to repair the damages inflicted upon him in the way of counsel fees, and perhaps costs in general upon the contract sued on, by tendering the amount due.

Looking at the matter in another aspect, if the defendant in an action on contract in justice's court obtains judgment and plaintiff appeals, paying the justice's fees and the costs required in such cases, and the case remains pending in circuit court for several terms, the plaintiff being put to considerable expense for counsel fees and other matters in the meantime, the defendant can then escape all liability for costs by tendering to the plaintiff the amount due on the contract.

Looking at the matter from another viewpoint, a plaintiff may obtain judgment in justice's court with costs, including $10 attorney's fees, be compelled to have his judgment superseded by an appeal to the circuit court, be delayed there for several terms of court at considerable expense, as before, and then be compelled to walk out of court with only the amount due on the contract, if the defendant elects before the cause is actually called for trial, to pay such amount and makes the proper tender.

True, the respondent in this case tendered, in addition to the amount due upon the contract, the costs included in the justice's judgment not theretofore paid.    But we must view the appeal in the light of the consequences which would result from adopting the rule contended for.

The idea is that no costs of suit can be incurred within the meaning of sec. 4266, under which the tender was made, except such as are taxable, and that none are taxable in the situations mentioned in sec. 2925 till there is a judgment of some sort.

It must be remembered that the costs incurred in justice's court and forming part of a judgment appealed from as to a case for disposition on the appeal by trial *de novo* are only recoverable by being allowed as costs in the circuit court in making up the cost bill there. They are not separable in that respect from disbursements in the appellate court nor from statute costs in such court, taxable, if at all, at $10. All are joined together.

In view of the foregoing no discussion is needed to show that such a construction of the statute as the one contended for would lead to very unreasonable results.

We must view the question for decision by the spirit of our Code, that if one is compelled by wrongful conduct of another to resort to judicial proceedings for redress and thereby incurs expense for counsel and other reasonable outlays his remedial right shall include that of compensation in some measure at least for his loss in respect to the expense for counsel as well as in respect to disbursements for services of officers.

We also view the question under discussion not losing sight of the fact,—conceded by counsel for respondent,—that upon a case reaching the circuit court in the circumstances of this one, the action, to all intents and purposes, has the same status as one originally commenced in such court (sec. 3768, Stats. 1898), and that variances from the general scheme as to recoverable costs are pointed out in the special statute (sec. 2925).

The general language respecting costs in circuit court is, perhaps, broad enough to include such an action as this in the absence of some clear indication to the contrary in connection with such language, or elsewhere, in the written law.

With the foregoing in mind we turn to the provisions on the subject of costs in circuit court for a more particular examination. Ch. 129 of the Statutes covers the subject. Sec. 2918, Stats. (1898), provides that "Costs shall be al-

lowed of course to the plaintiff in an action in the circuit court upon a recovery in" either of seven specified classes of cases, "except when otherwise specially provided for by law," one being "in actions of which a justice's court has no jurisdiction." Perhaps that would, ordinarily, be taken as referring only to actions of the nature specified commenced in the circuit court, but, as suggested, it is broad enough in its letter to cover others. Evidently, seemingly, the section was intended to afford costs in all cases of plaintiff recovering in the circuit court not otherwise elsewhere provided for or prohibited.

Sec. 2921 specifies, in general, the items of recoverable costs including some ordinarily necessary in the trial of such actions as are specified in the section devoted specially to costs in cases appealed from justices' courts. If the latter be strictly construed, then a successful party in an action appealed from justice's court might have to bear the loss of a considerable expenditure in addition to that for counsel, which would not be the case if the action were originally commenced, and legitimately commenceable, in circuit court.

If sec. 2925 were framed with the thought of harmonizing it with the general section, as doubtless is the fact, its purpose was to allow costs to the prevailing party in all cases not otherwise provided for and except as limited therein, where such party's recovery has been prejudicially postponed by his adversary. It first provides, as has been indicated, for costs where the judgment below is either affirmed or reversed without a new trial or the appeal is dismissed. Perhaps in general that applies particularly to cases not triable *de novo* as a matter of right in the appellate court, but it is not confined to that field.

It should be noted that the first clause of sec. 2925 does not say, where the action is not triable anew in the appellate court, but "where there is no new trial in the appellate court." We think counsel for respondent are in error in their contention that it only applies to cases where the appeal is not triable

anew in the circuit court and the judgment appealed from is affirmed or reversed according to the appellate court's determination of the right of the matter upon a review of the rec ord. It should be more liberally construed. So construed, an affirmance or reversal by stipulation in an action triable anew at the circuit, or resulting from a submission of the cause upon the record without trial or in any other of several ways which might be mentioned, would be within it.

The idea that the statute is to be applied literally, or strictly, against the right to recover costs, precluding any recovery thereof without a new trial except in case of a formal judgment of affirmance or reversal, or a dismissal of the appeal or judgment following a trial, was repudiated in *Milti-more v. Hoffman,* 125 Wis. 558, 104 N. W. 841. It was there held that a dismissal for want of jurisdiction of the justice involves a reversal within the meaning of the statute.

By the reasoning in *Miltimore v. Hoffman,* it would seem that the very act, as in this case, of paying into court for plaintiff the full amount of his recovery below with or without the disbursements incurred by him up to the date of such payment, is substantially a consent to affirmance of the judgment so far as necessary to protection of plaintiff's rights. Further, it would seem that the court's recognition in such circumstances of the right of the justice's judgment and refusal to pass upon the case as involving any controversy on the merits, is as well within the spirit of the statute calling for an affirmance as a condition precedent to the allowance of costs as the dismissal in the case cited was within such spirit calling for a reversal as a condition precedent to the allowance of costs.

Further it would seem to logically follow that the appellant was entitled to $10 costs in addition to the sum tendered, if costs, ordinarily called statute costs, would have been allowable to him under the circumstances if the action had been one originally commenced in the circuit court.

Note particularly that sec. 4266 requires the sum offered to

be the amount due upon the contract "with all costs of suit
incurred." The term "all costs of suit" generally includes
such charges as the successful party is permitted to make
against his adversary, composing the attorney's fee bill in or-
dinary actions and which are prescribed at $10 without any
itemization, in cases appealed from justices' courts. Is it
not quite clear that the idea of the statute is that when a
plaintiff is compelled, as in this case, to stand as a demandant
for redress in the circuit court, statute costs are incurred by
him contingent upon the right of the matter being in his favor,
liquidated at $10, no more and no less, regardless of the ac-
tual amount of his expenditures in the field covered by such
costs? Are not the expenditures or liabilities incurred on ac-
count of which the $10 is allowable "costs of suit incurred" as
clearly as expenditures and liabilities for officers' fees? If
not, why not? Counsel for respondent do not satisfactorily
explain that.

Counsel argues at one point with apparent confidence, that
"costs of suit incurred" within the meaning of the statute are
only "items of expenditure made or incurred," or in other
words such expenses as are commonly denominated "disburse-
ments." We do not gather any such idea from the letter or
spirit of the statute. Expenditures for services of the clerk
or sheriff or witnesses are no more sacred and no more "costs
of suit incurred" than expenditures for counsel. No one
would claim, we apprehend, that a tender could be success-
fully made under sec. 4266 in an action commenced in circuit
court without including taxable attorney's fees, or an offer to
pay the same when duly ascertained.

It was early suggested in New York, in respect to admin-
istering a similar statute, that the tender should be with costs
of the action up to the time of making it, but that since the
amount required to pay the costs is not ordinarily ascertain-
able without some delay, an offer to pay the costs as soon as
duly ascertained would be held a substantial compliance with

the statute.   2 Tillinghast & Shearm. N. Y. Prac. 307.   It
was later so held.   2 Wait, Prac. (6th ed.) 583; *Slack v.
Brown,* 13 Wend. 390.

The New York statute requires the tender to include "the
costs of the suit or proceeding" up to the time of the tender.
That it means the same as the words of our statute, "costs of
suit incurred up to the time," is quite evident.   The parent
statute clearly indicates that it was intended to include the
whole costs of suit on the part of the one tendered to during
the particular period referred to, taxable attorney's fees as
well as disbursements.

Counsel cite *Huebl v. Scollard,* 142 Wis. 589, 126 N. W.
12, to the point that the right to costs does not accrue until
judgment.   That case is merely to the effect that the right to
costs does not become vested by the commencement of a suit
so that it cannot be divested by repeal, before judgment, of
the statute affording the right.   It by no means was intended
to hold that a defendant may escape liability for any costs by
making a tender before judgment.   The case has no applica-
tion to the situation before us.   Neither has *Two Rivers Mfg.
Co. v. Beyer,* 74 Wis. 210, 42 N. W. 232.   The idea there is
that a plaintiff is not entitled to costs till he actually prevails
in a case where the court has jurisdiction to render a judg-
ment; that if the plaintiff accepts satisfaction of his claim
pending the action, he cannot insist upon judgment for costs
and pursue the action for the purpose of recovering them;
that the proper way to preserve his right to costs is to refuse
to accept the money in satisfaction of his claim without the
costs being tendered as well as the amount of such claim.
It will readily be seen that the case does not apply here.   Ap-
pellant did not accept the money tendered in satisfaction of
his claim.   He refused it because the full "costs incurred"
up to the date of the tender were not offered.   He stood upon
his statutory right to "costs incurred" including the $10
stated.   In our judgment the trial court erred in not allow-

ing him judgment because of respondent's refusal to pay such costs.

*By the Court.*—The judgment is reversed, and the cause remanded for further proceedings according to law.