STATE, Respondent, v. OMERNIK, Appellant.

*No. State 137. Argued February 3, 1972.— Decided February 29, 1972.*
(Also reported in 194 N. W. 2d 617.)

For the appellant there was a brief by *Nikolay, Jensen & Scott* and *Frank L. Nikolay*, all of Colby, and oral argument by *Frank L. Nikolay*.

For the respondent the cause was argued by *Robert B. McConnell*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

HANLEY, J. The defendant raises several questions on this appeal. However, the preliminary issue to be considered is whether the appeal is properly before this court. This issue was not raised by the parties, but jurisdiction is always a proper question to consider, even if we raise it sua sponte.[1]

We note that, so far this term, six appeals have been dismissed for untimeliness, unappealability, or procedural error. They are: *Sprangers v. Philippi* (1971), 52 Wis. 2d 403, 190 N. W. 2d 136; *State v. Beals* (1971), 52 Wis. 2d 599, 191 N. W. 2d 221; *Kohnke v. ILHR Department* (1971), 52 Wis. 2d 687, 191 N. W. 2d 1; *Malkowski v. Malkowski* (1971), 52 Wis. 2d 731, 190 N. W. 2d 924; *McCabe v. Milwaukee* (1971), 53 Wis. 2d 34, 191 N. W. 2d 926; *State v. Langston* (1971), 53 Wis. 2d 228, 191 N. W. 2d 713. These cases clearly establish that this court has appellate jurisdiction only as allowed by statute, and only to the extent the statute allows. If a case appealed to this court does not come within the terms of a statute allowing such appeal, this court has no jurisdiction to do anything other than dismiss the appeal, even if the parties fail to raise the question. We find that there is no statutory authority permitting an appeal to this court from a decision of the county court denying a new trial in a misdemeanor case.

Sec. 974.01 (1), Stats., clearly states:

"Appeals in misdemeanor cases are to the circuit court for the county on the record."

---

[1] *Yaeger v. Fenske* (1962), 15 Wis. 2d 572, 573, 113 N. W. 2d 411.

Sub. (2) of that statute provides for an appeal to the circuit court within fifteen days after denial of a motion for a new trial. The only reference to the supreme court in sec. 974.01, Stats., is in sub. (6), which gives the circuit court "power similar to that of the supreme court under ch. 274." Clearly, the legislature intended to provide that appeals from judgments or orders entered by the county court in misdemeanor cases are to be taken to the circuit court, and not to this court. Since the offense charged in this case is a misdemeanor, appeal should have been to the circuit court.

Appellant contends, however, that sec. 974.03, Stats., should apply. That statute allows an appeal to this court in the manner provided in civil cases, within ninety days after denial of a motion for a new trial. Ch. 274 governs the matter of appeals in civil cases; sec. 274.09 (1) provides in part:

"Appeals to the supreme court may be taken from . . . the county courts *except where express provision is made for an appeal to the circuit court. . . .*" (Emphasis supplied.)

We think that sec. 974.01 is an "express provision," making an appeal to this court, under sec. 974.03 improper.

Appellant further argues, however, that the legislature provided for two alternative methods of appealing from an order of the county court: The first, by appealing to the circuit court under sec. 974.01, Stats., when the motion for a new trial is made within fifteen days of entry of judgment; and the other, where the motion is made within ninety days, as provided in sec. 974.03, in which case appeal to this court would be proper. We find no merit or logic to this contention. As stated in *Milwaukee County v. Caldwell* (1966), 31 Wis. 2d 286, 292, 143 N. W. 2d 41:

"As a matter of sound appellate practice, there is no reason for allowing a choice of appeal either to circuit

court or supreme court. Where the procedure for appeal to circuit court is clearly provided, it is exclusive. Where appeal is permitted directly to the supreme court, that procedure is also exclusive."

In discussing the forerunner of sec. 974.01, Stats., this court noted in *State ex rel. Murphy v. Voss* (1967), 34 Wis. 2d 501, 509, 149 N. W. 2d 595, that the statute was designed to provide an orderly and economical administration of justice in misdemeanor cases. The accomplishment of that purpose would not be enhanced by allowing a misdemeanant to appeal directly to this court without attempting to obtain a review by the circuit court.

We conclude that because the appeal here should have been taken to the circuit court and not directly here, this court has no jurisdiction to take up this appeal; and it, therefore, must be dismissed.

*By the Court.*—Appeal dismissed without costs.